## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

SCOTT HARGIS, d/b/a SCOTT
HARGIS PHOTO, an individual,

             Plaintiff,

v.

CHAPMAN MANOR AT LUTZ, LLC,
a Florida limited liability corporation;
and DOES 1-10, inclusive,

             Defendants.

**Civ Action No.** 8:26-cv-00229

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**

**DEMAND FOR A JURY TRIAL**

## COMPLAINT

Plaintiff Scott Hargis, d/b/a Scott Hargis Photo ("Plaintiff" or "Hargis"),

complains against Defendants Chapman Manor at Lutz, LLC, a Florida limited

liability company, and DOES 1-10, inclusive (collectively, "Defendants" or

"Chapman Manor") as follows:

## JURISDICTION AND VENUE

1.      This is a civil action seeking damages and injunctive relief against

Defendants for willful copyright infringement in violation of the United States

Copyright Act, 17 U.S.C. §§ 101 et seq.

1

2.      This Court has subject matter jurisdiction under the United States Copyright Act, 17 U.S.C. § 501(a), 28 U.S.C. § 1331 (federal question), and 28 U.S.C. § 1338(a) (copyright).

3.      Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) and 28 U.S.C. § 1400(a) in that Defendants may be found and transact business in this District, and the injury suffered by Hargis was directed from this District.

4.      This Court has general personal jurisdiction over Defendants because Defendants are incorporated in the state of Florida, and their principal place of business is in this District.

## PARTIES

5.      Scott Hargis, d/b/a Scott Hargis Photo, is an individual residing in Oakland, California.

6.      Chapman Manor at Lutz, LLC is a Florida limited liability company with its principal place of business at 505 Ariana Ave, Auburndale, FL 33823.

7.      Does 1 through 10, inclusive, are unknown to Hargis, who therefore sues said Defendants by such fictitious names. Hargis will ask leave of court to amend this Complaint and insert the true names and capacities of said Defendants when the same have been ascertained. Hargis is informed and believes and, upon such, alleges that each of the Defendants designated herein as a "Doe" is legally responsible in some manner for the events and

happenings herein alleged, and that Hargis's damages as alleged herein were proximately caused by such Defendants.

8.      Hargis is informed and believes, and based thereon alleges, that at all times herein relevant, each of the Defendants was the agent, alter-ego, servant, or employee of the remaining Defendants, and each was acting within the course and scope of such agency/employment relationship and with the knowledge and consent of the remaining Defendants.

## FACTUAL BACKGROUND

### *Hargis and His Copyrighted Works*

9.      Hargis is a widely recognized architectural photographer based in the San Francisco Bay area. Hargis's photographs have appeared in numerous publications including *This Old House*, *Luxe Magazine*, *Dwell*, *The New York Times*, *The Wall Street Journal*, *Oakland Magazine*, *San Francisco Magazine*, *Diablo Magazine*, *Better Homes & Gardens, The San Francisco Chronicle*, and *The Los Angeles Times*.

10.      Hargis is sought after by architectural and design firms around the world, including Woods Bagot, Gensler, Handel, SOM, and many others.

11.      Hargis is the author of the acclaimed book "The Essential Guide to Lighting Interiors," and he frequently travels throughout North America and the

world on assignment and shares his expertise with students at workshops throughout North America, Europe, Australia, and the Middle East.

12.     Among the countless photographs he has created in his career are seven photographs (the "Photographs"), true and correct copies of which are attached as Exhibit A, showcasing various subject matter within the Chapman Manor at Lutz senior living community in Lutz, Florida.

13.     The Photographs, which serve as the subject matter of this dispute, were registered with the United States Copyright Office on February 20, 2019, under registration number VA 2-140-916. Hargis is listed as, and is, the author and copyright claimant of the Photographs. As the author, Hargis owns and exclusively controls the rights to reproduce, adapt, distribute, and publicly display the Photographs.

14.     As a professional photographer, Hargis's livelihood depends on his ability to generate revenue from his photographs. Like other photographers, he would suffer serious financial injury if his copyrights were not enforced. This would adversely impact his livelihood and ability to create new works.

*Chapman Manor at Lutz, LLC's Infringing Activity*

15.     Chapman Manor is an operator, marketer, promoter, and advertiser of active senior apartment, senior independent living, senior assisted

living, personal care, memory care, respite care, and nursing services for seniors in Florida.

16.     Chapman Manor has, without permission or compensation to Hargis, reproduced, modified, distributed, and publicly displayed unauthorized copies of the Photographs and/or derivatives thereof wholesale on the Chapman Manor Facebook page as well as the Chapman Manor website https://chapmanmanorlutz.com (the "Website"). Attached hereto as Exhibit B are true and correct screen-captures evidencing Chapman Manor's unauthorized commercial exploitation of the Photographs, side-by-side with the original Photographs.

17.     Chapman Manor has done so for blatantly commercial purposes, exploiting the Photographs to showcase Chapman Manor at Lutz in an idyllic and picturesque light as part of their advertising efforts so that they can entice prospective senior living residents and their families to choose Defendants' senior living communities over those of competitors.

18.     Chapman Manor is able to garner significant attention for the Website by featuring the Photographs on the Website. The Photographs, each a unique work in and of itself, highlight different locations and amenities within Chapman Manor in an attractive manner, undoubtedly playing an important role in Chapman Manor's marketing and promotional efforts intended to

convince prospective senior living residents and their families to choose Chapman Manor over those operated by competitors. Among other things, this attention—a direct consequence of the infringement—has translated into substantial ill-gotten commercial advantage and revenue for Chapman Manor.

19.     Chapman Manor's acts of infringement are willful because, *inter alia*, it is a sophisticated, for-profit entity with full knowledge of the strictures of federal copyright law and the basic requirements for licensing copyrighted content. Chapman Manor itself actively protects its own copyrights, including as demonstrated by the "©" notice they placed on the Website.

20.     In addition, Chapman Manor's own Website corroborates its sophisticated understanding of United States copyright law. The second section of the Terms & Conditions page of the Website is titled "Intellectual Property Rights." It states, "[e]xcept as expressly provided in these Terms of Use, no part of the Site and no Content or Marks may be copied, reproduced, aggregated, republished, uploaded, posted, publicly displayed, encoded, translated, transmitted, distributed, sold, licensed, or otherwise exploited for any commercial purpose whatsoever, without our express prior written permission." Notably, section 17 of the Terms & Conditions page is titled "Copyright Infringements" and claims, "[w]e respect the intellectual property rights of others." Thus, Chapman Manor fully understands how to use

copyright law to protect its intellectual property rights, and it also understands the value of intellectual property rights not just to itself, but to others.

21.     Furthermore, when responding to Hargis's April 18th Cease & Desist letter, Chapman Manor claimed it purchased the senior living facility and all associated assets, including intellectual property, in an "arms' length transaction." Chapman Manor further claimed that it had no reason to believe that it did not acquire the rights to use the Photographs in the transaction. First of all, this is an admission that Chapman Manor knew it needed the rights to use the Photographs. Second, contrary to Chapman Manor's assertions, a party's failure to investigate a copyright holder's rights, especially when that party is a sophisticated corporation like Chapman Manor, is textbook grounds for willfulness. It easily meets the recklessness standard under Eleventh Circuit precedent.

22.     Despite its insistence that it believed it validly acquired the rights to use the Photographs in the asset purchase agreement, Chapman Manor still has not produced said agreement for Hargis to examine so that the parties may discuss resolving this dispute. In fact, Chapman Manor has not even provided the relevant terms of the agreement in question.

23.    At all relevant times, therefore, Defendants clearly knew of the need for proper licensing of the Photographs and failed to obtain proper authorization for the uses detailed herein.

24.    Even more pointedly, Chapman Manor has been provided specific notice regarding its infringing activities and, despite cease-and-desist requests, including an exhaustive correspondence sent to it on April 18, 2025 and numerous subsequent communications, Chapman Manor is—to Hargis's deep disappointment—continuing to infringe the works to this day (more than nine months since receiving a notice and a takedown demand).  For example, the infringing images are still live on Chapman Manor's listing on the Oasis Senior Advisor's website (oasisseniorsadvisors.com), through which Chapman Manor advertises its services and receives and secures residents, as of the filing date of this Complaint, as evidenced by the screencaptures shown on Exhibit C, representing true and correct copies of said website continuing to reproduce, distribute and publicly display high resolution copies of Mr. Hargis's images without authorization.  Chapman's continuing acts of infringement constitute quintessential *per se* willfulness.

25.    Given these willfulness facts, including Chapman Manor's on-going infringement and obfuscation, Hargis had no choice but to file this lawsuit.

26.     As a result of their willful infringement of seven of Hargis's copyrights, Defendants face statutory damages of up to $1,050,000 for their unlawful actions, exclusive of attorneys' fees.

## FIRST CAUSE OF ACTION

### COPYRIGHT INFRINGEMENT, (17 U.S.C. § 501)

27.  Hargis incorporates herein by reference the allegations in paragraphs 1 through 26 above.

28.  Hargis owns all copyrights in and to the Photographs, which are valid and subsisting under the laws of the United States.

29.  Hargis has complied in all respects with the Copyright Act and all of the laws of the United States governing copyrights, and the Photographs have all been timely registered with the United States Copyright Office.

30.  Defendants, without the permission or consent of Hargis, reproduced, adapted, distributed, and publicly displayed unauthorized copies of the Photographs as shown in Exhibit A hereto. Such acts constitute infringement of Hargis's exclusive rights under copyright pursuant to 17 U.S.C. §§ 106 & 501.

31.  In addition, Defendants, without the permission or consent of Hargis, knowingly encouraged, induced, materially contributed to, and/or facilitated the unauthorized reproduction, adaptation, distribution, and public

display of unauthorized copies of the Photographs shown in Exhibit A hereto, and have the right and ability to stop or limit the infringement and a direct financial interest in such infringing activities.

32.  Defendants are therefore directly and secondarily liable for infringement under the Copyright Act.

33.  Each of the Defendants directly and individually performed the acts alleged herein, and also did so jointly and in concert with one another, or as an agent or alter ego of the other. Accordingly, each of the Defendants are liable for all of the acts alleged herein because they were the cause in fact and proximate cause of all injuries Hargis has suffered.

34.  The infringement of Hargis's rights in each of his respective copyrighted works constitutes a separate and distinct act of infringement.

35.  Defendants' unlawful conduct, as set forth above, was willful, intentional, and purposeful, in disregard of and with indifference to Hargis's rights.

36.  Defendants' wrongful acts have caused, and are causing, great injury to Hargis, of which damages cannot be accurately computed, and unless this Court restrains Defendants from further and continuing commission of said acts, Hargis will suffer irreparable injury, for all of which he is without an adequate remedy at law.

**PRAYER FOR RELIEF**

WHEREFORE, Hargis requests judgment against Defendants as follows:

a.      For a declaration that Defendants willfully infringed Hargis's copyrights;

b.      For such equitable relief under Title 17, Title 28, and/or the Court's inherent authority as is necessary to prevent or restrain infringement of Hargis's copyrights, including preliminary and permanent injunctive relief requiring Defendants, and their officers, agents, servants, employees, representatives, and attorneys, and all persons in active concert or participation with it to permanently cease from designing, copying, reproducing, displaying, promoting, advertising, distributing, or selling, or any other form of dealing or transaction in, any and all advertising and promotional materials, print media, signs, Internet websites, or any other media, either now known or hereafter devised, bearing any image or design which infringes Hargis's copyrights or exclusive rights under Copyright;

c.      For statutory damages pursuant to 17 U.S.C. § 504(c), in the maximum amount provided by law, as may be proven at trial, arising from Defendants' willful violations of Hargis's rights under the Copyright Act or, in the alternative, at Hargis's election pursuant to 17 U.S.C. § 504(b), Hargis's actual

damages, including Defendants' profits from infringement, in amounts to be proven at trial;

d.    For an order pursuant to 17 U.S.C. § 503 requiring Defendants to deliver up for destruction or other reasonable disposition all copies made or used in violation of Hargis's respective copyrights;

e.    For an order pursuant to 17 U.S.C. § 505 awarding Hargis his costs in this action, including his reasonable attorneys' fees;

f.    For pre-judgment and post-judgment interest at the applicable rate on any monetary award made part of the judgment against Defendants; and

g.    For any such other and further relief as the Court may deem just and appropriate.


Dated: January 27, 2026                    By: */s/ John Tehranian*
                                           John Tehranian
                                           (*Pro Hac Vice forthcoming*)
                                           Kurt Schuettinger
                                           (*Pro Hac Vice forthcoming*)
                                           Jennifer A. Mauri
                                           (*Pro Hac Vice forthcoming*)
                                           **ONE LLP**
                                           23 Corporate Plaza, Suite 150-105
                                           Newport Beach, CA 92660
                                           Telephone: (949) 502-2870
                                           Facsimile: (949) 258-5081
                                           jtehranian@onellp.com
                                           kschuettinger@onellp.com
                                           jmauri@onellp.com

*Attorneys for Plaintiff,*
*Scott Hargis, d/b/a Scott Hargis Photo*

## DEMAND FOR A JURY TRIAL

Plaintiff Scott Hargis, d/b/a Scott Hargis Photo, hereby demands trial by jury of all issues so triable under the law.

Dated: January 27, 2026

By: */s/ John Tehranian*
John Tehranian
(*Pro Hac Vice forthcoming*)
Kurt Schuettinger
(*Pro Hac Vice forthcoming*)
Jennifer A. Mauri
(*Pro Hac Vice forthcoming*)
**ONE LLP**
23 Corporate Plaza, Suite 150-105
Newport Beach, CA 92660
Telephone: (949) 502-2870
Facsimile: (949) 258-5081
jtehranian@onellp.com
kschuettinger@onellp.com
jmauri@onellp.com

*Attorneys for Plaintiff,*
*Scott Hargis, d/b/a Scott Hargis Photo*